IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IMOJEAN MESSER,

           Plaintiff,

v.                                CIVIL ACTION NO. 2:10-cv-00966

TOYOTA MOTOR SALES USA INC.,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Plaintiff and Defendant's Joint Motion for Remand [Docket 9]. For the reasons set forth below, the Motion is **GRANTED**.

*I. BACKGROUND*

Plaintiff, Imojean Messer, purchased a Toyota Corrolla from Defendant in May 2008 for $31,302.75. (Docket 1, Ex. 1 ¶¶ 3, 4.) In the following months, Plaintiff noticed that the vehicle's interior dash lights and radio were malfunctioning. (*Id.* ¶ 5.) Plaintiff subsequently returned the car to Defendant for repairs in December 2009, January 2010, and April 2010. (*Id.* ¶ 6.) In May 2010, a fire consumed the vehicle. According to the complaint, the fire began in the interior dash while Plaintiff was operating the vehicle. (*Id.* ¶ 5.) Although Plaintiff was apparently able to escape the vehicle without physical injury, she brought suit in the Circuit Court of Logan County seeking "a replacement vehicle, damages for aggravation, damages for emotional distress caused by having to jump out of the vehicle before it was fully engulfed in flames, and loss of use of the vehicle." (*Id.*

¶ 13). Except for the purchase price of the vehicle ($31,302.75), Plaintiff did not claim damages in any specific amount.

Defendant removed Plaintiff's action on July 28, 2010, citing diversity jurisdiction as the sole grounds for removal. (Docket 1 at 1-2.) The parties are diverse because Plaintiff resides in West Virginia and Defendant is a California corporation. (*Id.* at 2.) In the notice of removal, the defendant alleges that "[w]hile the Complaint does not contain a demand for a specific amount, Plaintiff's claim for multiple and various damages exceeds the jurisdictional minimum of Seventy-five Thousand Dollars." (*Id.* at 2-3) As previously stated, except for the purchase price of the vehicle at issue, Plaintiff's complaint does not indicate the amount of damages she seeks. However, the parties recently stipulated in their joint motion for remand that Plaintiff's damages "do not presently, and will not in the future, exceed $74,999." (Docket 9 at 1.) Thus the parties submit that the amount in controversy requirement is not met in this case, and they move the Court to remand the case for lack of subject matter jurisdiction.

## II. DISCUSSION

The Court is empowered to hear cases removed from state court if the action could properly have been filed in federal court originally. 28 U.S.C. § 1441(a). Congress vested federal courts with original jurisdiction over all actions between citizens of different states provided "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a)(1). The statute establishing diversity jurisdiction is to be strictly construed. *E.g.*, *Mulchahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994). The party seeking removal has the burden of establishing federal jurisdiction and, if challenged, bears the

burden of proving that federal jurisdiction was properly invoked—including that the amount in controversy meets or exceeds $75,000. *See id.*

In cases removed to federal court where the plaintiff has made an unspecified demand for damages in state court, the defendant must prove *by a preponderance of the evidence* that the value of the matter in controversy exceeds the jurisdictional amount of $75,000. *See Landmark Corp. v. Apogee Coal Co.*, 945 F. Supp. 932, 935 (S.D. W. Va. 1996) (emphasis added). In applying the preponderance of the evidence standard to determine whether the minimum amount in controversy requirement has been satisfied, courts must consider the entire record and make an independent evaluation. *See Weddington v. Ford Motor Credit Co.*, 59 F. Supp. 2d 578, 584 (S.D. W. Va. 1999); *Mullins v. Harry's Mobile Home, Inc.*, 861 F. Supp. 22, 23 (S.D. W. Va. 1994).

In this case, Plaintiff did not specify the amount of damages sought in her state court complaint. As such, it is Defendant's burden to establish by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000. Defendant's notice of removal recites the nature of the Plaintiff's injuries and asserts that Plaintiff's claims exceed $75,000. However, subsequent to removing this case, Defendant joined Plaintiff in the motion for remand pending before the Court. That motion stipulates that the damages sustained by Plaintiff do not presently, and will not in the future exceed $74,999. (Docket 9 at 1.) Considering the entire record before it, including the joint stipulation that damages in this case do not meet or exceed $75,000, the Court holds that Defendant has not satisfied its burden of proving by a preponderance of the evidence that the amount in controversy is met in this case.

*III. CONCLUSION*

Based on the foregoing discussion and analysis, the Court concludes that it lacks subject matter jurisdiction over this matter. Accordingly, the parties' Joint Motion for Remand [Docket 9] is **GRANTED**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party and a certified copy to the clerk of court for the Circuit Court of Logan County.

ENTER:	September 1, 2010

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE